LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DAVID DICARLO, on behalf of himself and
all others similarly situated,

        Plaintiff,

           -against-

WALGREENS BOOT ALLIANCE, INC.,

        Defendant,

---

Case No.:

**CLASS ACTION COMPLAINT**

Plaintiff, DAVID DICARLO (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorney, hereby files this Class Action Complaint against Defendant, WALGREEN BOOTS ALLIANCE, INC., and states as follows:

<u>**INTRODUCTION**</u>

    1.   This class action seeks to put an end to systemic civil rights violations committed by Defendant WALGREENS BOOT ALLIANCE, INC. (hereafter "Walgreens"), against the blind in New York State and across the United States. Walgreens is a national corporation that owns and operates a chain of drug stores, under the trade names "Duane Reade" and "Walgreens" (collectively, the "Walgreens Stores") throughout the United States. This proposed class action alleges that Walgreens has violated state and federal laws and regulations by pursuing

discriminatory policies or practices that result in unlawful soda fountain machines which deny blind individuals equal access to the goods and services at Walgreens Stores.

2.    Pursuant to a nationwide policy implemented by Walgreens with respect to all of its drugstores, Walgreens Stores have and are replacing traditional soda fountains with new touch-screen Coca-Cola Freestyle machines (hereafter "Freestyle").

3.    Walgreens is denying blind individuals throughout the United States equal access to the goods and services Defendant provides to non-visually disabled customers through inaccessible Freestyle machines at thousands of Walgreens locations in New York State and throughout the United States. Freestyle is a large self-service soda fountain replacing traditional behind-the-counter soda fountains with taps. At a Walgreens Store equipped with Freestyle, instead of being served the choice of fountain drink by a Walgreens Store employee, customers are required to independently obtain a cup, operate and dispense soda from Freestyle without assistance, and subsequently pay at the register. Freestyle is the only soda dispenser at Walgreens Store to millions of customers in New York State and throughout the United States since. Freestyle provides customers with the ability to browse and select over 100 styles of Coca-Cola soda products, the ability to browse and select custom flavors, the ability to create a personalized drink based on the mixing of sodas, as well as the ability to select the amount of ice in the drink, independently without the assistance of a store clerk or a third party. All Freestyles use an exclusively visual, touch-screen interface that is inaccessible to the blind.

4.    Freestyle has replaced traditional soda fountains at thousands of Walgreens Stores throughout New York State and the United States. If a particular Walgreens location has installed Freestyle, there will not be a traditional soda fountain and subsequently, Freestyle is the only option to obtain a soda or fountain drink.

5.   Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

6.   Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] There are approximately 400,000 visually impaired persons in New York State.[2]

7.   Blind people enjoy fountain beverages just as sighted people do. Many blind people also enjoy selecting and mixing their own fountain beverages. The lack of accessible Freestyle machines means that blind people are excluded from the rapidly expanding self-service soda selecting and mixing experience, and from independently obtaining their own fountain drink.

8.   Despite readily available accessible technology, such as the technology in use at blind accessible ATMS, which makes use of tactile controls and screen reading software, Freestyle has chosen to rely on an exclusively visual interface. Walgreens' sighted customers can independently browse, select and dispense soda at Freestyle without the assistance of others. However, blind people must rely on sighted companions or strangers to assist choosing, mixing and dispensing soda into their purchased cup.

9.   By failing to make its soda fountain accessible to blind persons, Freestyle is violating basic equal access requirements under both state and federal law. By providing customers with Freestyle in its locations without accessible features, Walgreens is also violating basic equal access requirements under state and federal law.

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] American Foundation for the Blind, State-Specific Statistical Information, January 2015

10. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by public accommodations that are inaccessible to blind and visually impaired persons. Similarly, New York state law requires places of public accommodation to ensure access to goods, services and facilities by making reasonable accommodations for persons with disabilities.

11. Defendant violated statutes enacted in each of the fifty states and the District of Columbia that are designed to protect disabled persons, including blind persons, against unlawful discriminatory practices.  These statutes are:

| | |
|---|---|
| *i.* | Alabama Handicapped Persons Act, Ala. Statues Ann. §§ 21-7-3, *et seq.*; |
| *ii.* | Alaska Human Rights Law, Ak. Code § 18.80.230, *et seq.*; |
| *iii.* | Arizona Arizonans with Disabilities Act, Arizona Revised Statutes, §§ 41-1492, *et seq.*; |
| *iv.* | Arkansas Civil Rights Act, Ark. Code § 16-123-107, *et seq.*; |
| *v.* | California Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*, and California Disabled Persons Act, Cal. Civ. Code § 54, *et seq.*; |
| *vi.* | Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-601, *et seq.*; |
| *vii.* | Connecticut Human Rights and Opportunities Act, Conn. Gen. Stat § 46a-64, *et seq.*; |
| *viii.* | Delaware Equal Accommodations Law, 6 Del. Code § 4504, *et seq.*; |
| *ix.* | District of Columbia Human Rights Law, D.C. Code § 2-1402.31, *et seq.*; |
| *x.* | Florida Civil Rights Act, Fla. Stat. Ann. § 760.08, *et seq.* and Fla. Stat. Ann. § 413.08, *et seq.*; |
| *xi.* | Georgia Handicapped Persons Act, § 30-4-2 *et seq.*; |
| *xii.* | Hawaii Civil Rights Act, Hawaii Revised Statues § 489-2, *et seq.*; |
| *xiii.* | Idaho Human Rights Law, Idaho Code § 67-5909, *et seq.*; |
| *xiv.* | Illinois Human Rights Act, 775 ILCS 5 § 102/1, *et seq.*; |
| *xv.* | Indiana Civil Rights Law, Indiana Code Ann. §§ 22-9-1-2, *et seq.*; |
| *xvi.* | Iowa Civil Rights Act, Iowa Code §§ 216.7, *et seq.*; |
| *xvii.* | Kansas Act against Discrimination, Kan. Stat. Ann §§ 44-1009, *et seq.*; |
| *xviii.* | Kentucky Civil Rights Act, Ky. Rev. Stat. Ann. §§ 344.120, *et seq.*; |
| *xix.* | Louisiana Commission on Human Rights, La. Rev. Stat. Ann. § § 51:2247, *et seq.*; |
| *xx.* | Maine Human Rights Act, 5 Me. Rev. Stat. § 4592, *et seq.*; |
| *xxi.* | Maryland Commission on Civil Rights, Md. Com. Law Code § 20-304, *et seq.*; |
| *xxii.* | Massachusetts Public Accommodation Law, Mass. Gen. Laws c. 272, ch. 98, *et seq.*; |
| *xxiii.* | Michigan Persons with Disabilities Civil Rights Act, § § 37.2302, *et seq.*; |
| *xxiv.* | Minnesota Human Rights Act, Minn. Stat. § 363A.11, *et seq.*; |
| *xxv.* | Mississippi Public Welfare Code, Miss. Code Ann. §§ 43-6-1, *et seq.*; |
| *xxvi.* | Missouri Human Rights Act, Mo. Rev. Stat. § 213.065, *et seq.*; |

xxvii.   Montana Human Rights Act, Mont. Code § 49-2-304, *et seq.*;
xxviii.   Nebraska Public Accommodations Law, Neb. Rev. Stat. § 20-139, *et seq.*;
xxix.   Nevada Public Accommodations Law, Nev. Rev. Stat. §§ 651.070, *et seq.*;
xxx.   New Hampshire Law Against Discrimination, N.H. Rev. Stat. § 354-A:17, *et seq.*;
xxxi.   New Jersey Law Against Discrimination, N.J. Stat. Ann. §§ 10:1-12, *et seq.*;
xxxii.   New Mexico Human Rights Act, N.M. Stat. Ann. §§ 28-1-7, *et seq.*;
xxxiii.   New York State Human Rights Law, N.Y. Exec. Law, Art. 15, Exec. Law § 296, *et seq.*, and New York State Administrative Code § 8-101 *et seq.*;
xxxiv.   North Carolina Persons with Disabilities Protection Act, North Carolina General Statutes §§ 168A-1, *et seq.*;
xxxv.   North Dakota Human Rights Act, N.D. Cent. Code §§ 14-02.4-14, *et seq.*;
xxxvi.   Ohio Civil Rights Commission, Ohio Rev. Code. Ann. §§ 4112.021. *et seq.*;
xxxvii.   Oklahoma Anti-Discrimination Act, Okla. Stat. 25 § 1402, *et seq.*;
xxxviii.   Oregon Equality Act, Rev. Stat § 659A.403, *et seq.*;
xxxix.   Pennsylvania Human Relations Act, 43 Penn. Stat. Ann. § § 955, *et seq.*;
xl.   Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Laws § 42-87.1-3, *et seq.*;
xli.   South Carolina Bill of Rights for Handicapped Persons, S.C. Code Laws § 43-33-510, *et seq.*;
xlii.   South Dakota Human Rights Law, S.D. Codified Laws §§ 20-13-23, *et seq.*;
xliii.   Tennessee Human Rights Act, Tennessee Code Annotated §§ 4-21-102, *et seq.*;
xliv.   Human Rights Commission of Austin, Texas, Code of the City of Austin, § 2-1-148, *et seq.*;
xlv.   Utah Civil Rights Act, Utah Code Ann. §§ 13-7-3, *et seq.*;
xlvi.   Vermont Anti-Discrimination Law, Vt. Stat. Ann. tit.9, § 4502, *et seq.*;
xlvii.   Virginia Human Rights Act, Virginia Code Ann. §§ 2.2-3901, *et seq.*;
xlviii.   Washington Law Against Discrimination, Wash. Rev, Code § 49.60.030, *et seq.*;
xlix.   West Virginia Human Rights Act, West Virginia Code § 5-11-2, *et seq.*;
l.   Wisconsin Equal Rights Program, Wis. Stat. §§ 106.52, *et seq.*;
li.   Wyoming Criminal Code, Wyoming Stat. Ann. § 6-9-101, *et seq.*

12. Defendant has discriminated against Plaintiff and other similarly situated individuals nationwide by not providing full and equal access to the goods and services provided by Freestyle. Through these unfair and discriminatory practices, Defendant has collected millions of dollars from the sale of their products that they would not have otherwise earned. Plaintiff brings this action to stop Defendant's discriminatory practice.

13. This complaint seeks declaratory and injunctive relief to correct Walgreens policies and practices to include measures necessary to ensure compliance with federal and state law and to include monitoring of such measures, to update or remove unlawful Freestyle soda fountains so that Plaintiff and the proposed Class and Subclass of customers who are blind will

have full and equal enjoyment of Walgreens Stores. This complaint also seeks minimum statutory damages to compensate Class and Subclass members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction of this action pursuant to:

    a. 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA"); and

    b. 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendants, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

15. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq.*) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("City law").

16. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b)(2), in that a substantial part of the events and omissions giving rise to the claims occurred in this judicial district.

## PARTIES

17. Plaintiff, DAVID DICARLO, is and has been at all times material hereto a resident of New York County, New York.

18. Plaintiff DAVID DICARLO, is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, the New York State Human Rights Law and City Law. Plaintiff has only light perception in one eye and has 20 X 400 vision in his other eye. Plaintiff has patronized Walgreens Storesin the past and intends to continue to patronize those stores in the future. Specifically, Plaintiff purchased soda at a Walgreens Store which has installed Freestyle in New York City, New York, in the last twelve months. Although Plaintiff has some limited vision, he was unable to see the touch screen commands and, therefore, was unable to independently dispense soda into his cup using Freestyle.

19. Defendant Walgreens is an American multinational for-profit corporation organized under the laws of Delaware, with a principal executive office at 108 WILMOT ROAD, DEERFIELD, ILLINOIS. Walgreens owns and operates drugstores and pharmacies, which are places of public accommodations. There are currently approximately 8,229 Walgreens Stores in the United States, including 485 locations in New York State. These include the Duane Reade drug stores of Walgreens' subsidiary, Duane Read Inc. These retail drugstores provide to the public important goods, such as pharmaceuticals, grocery items and daily necessities. In many of its locations, Walgreens leases Freestyle as the only mean to provide customers with to browse, select, mix and dispense their own fountain beverage independently. Walgreens serves millions of customers in New York State and the United States every day, many of whom purchase a fountain drink and, necessarily, uses the Freestyle.

20. Plaintiff, on behalf of himself and others similarly situated seeks full and equal access to the accommodations, advantages, facilities, privileges and services provided by Freestyle at Walgreens' numerous facilities throughout New York State and the United States.

## CLASS ACTION ALLEGATIONS

21. Plaintiff, on behalf of himself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have been and/or are being denied access to Freestyle machines in Walgreens Stores throughout the United States, during the relevant statutory period."

22. Plaintiff seeks certification of the following New York subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals who have been and/or are being denied access to Freestyle machines in Walgreens Stores in New York State, during the relevant statutory period."

23. There are hundreds of thousands of visually impaired persons in New York State. There are approximately 8.1 million people in the United States who are visually impaired. *Id.* Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

24. This case arises out of Defendant's common policy and practice of denying blind persons access to the goods and services of Freestyle in Walgreens Stores since all Freestyles are inaccessible to blind persons. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to Freestyle and the goods and services they offer.

25. There are common questions of law and fact common to the class, including without limitation, the following:

    a. Whether Walgreens Stores are "public accommodations" under the ADA;

    b. Whether Walgreens Stores are "places or providers of public accommodation" under the laws of the fifty states;

    c. Whether Defendant Walgreens in its Walgreens Stores denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities due to the lack of accessible features with their Freestyle machines in violation of the ADA; and

    d. Whether Defendant Walgreens in its Walgreens Stores denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities due to the lack of accessible features with their Freestyle machines in violation of the laws of the fifty states.

26. The claims of the named Plaintiff are typical of those of the class. The class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Walgreens has violated the ADA, and/or the laws of the fifty states by failing to make Freestyle machines accessible to the class of people who are legally blind.

27. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to

the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

28. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

29. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

30. References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

31. Walgreens exercises control over the development, design, remodel, alteration, maintenance, and operation of the Walgreens Stores pertaining to the choice and installation of the Freestyle soda machines at issue.

32. Freestyle machines are self-service, automated machines that allow sighted customers to browse, select, mix and dispense over 100 types of Coca-Cola drink products independently by using a touch-screen interface, without the assistance of a restaurant employee or any other third party.

33. Walgreens does not provide any auxiliary aids, tactile keypads, or other services calculated to make its Freestyle machines fully accessible to, and independently usable by, blind and visually impaired individuals.

34. The Freestyle machine is shown below:





35. As shown above, Freestyle machines make use of an exclusively touch-screen interface, with no utilization of audio jack technology. Furthermore, pressing the button for wheelchair users only causes the options on the touch screen to be reduced to half the screen.

36. Defendant Walgreens has caused Walgreens Stores to implement Freestyle. Walgreens Stores now provide Freestyle self-service soda fountains in replacement of traditional soda fountains as accommodations, advantages, facilities, privileges, and services of its drugstores at hundreds of locations in New York State and throughout the United States. At

Walgreens Stores that have installed the Freestyle, there are no other alternatives to obtain a fountain drink.

37. Freestyle machines are inaccessible to blind and visually impaired individuals. The machines make use of an exclusively visual interface that requires users to identify and interact with logo icons to select drinks and flavors, and a button to dispense the drink into the cup. There are no adaptive features, such as a screen reader with audio description or tactile buttons used to control commands. In addition, only sighted customers can gauge how much of the fountain drink of choice they are dispensing into the cup, as there are no mechanisms built in to the machine to control the percentage of each drink a user dispenses into the cup. As a result, all of the services and features provided at Freestyle machines are only available to sighted customers.

38. Sighted customers who use Freestyle machines at Walgreens Stores have access to a variety of accommodations, advantages, facilities, privileges, and services, including the following:

- The ability to browse and select drink choices independently, without the assistance of a restaurant employee or another third party.

- The ability to dispense drink choices independently, without the assistance of a restaurant employee or another third party.

- The ability to mix a customized drink based on different drink choice and dispensing different amounts of each one, without the assistance of a restaurant employee or another third party.

39. In contrast, blind customers must seek the assistance of companions, strangers, or other third parties in order to use Freestyle machines at all.

40. Technology exists that would render Freestyle machines accessible to blind customers, and this technology is already in use by other sales establishments and automated bank teller machines throughout New York State and the United States. This technology includes an audio interface system, a tactile keyboard, and/or interactive screen reader technology for use with touch screens.

41. Defendant Walgreens has long been aware of means by which fountain drink services can be made accessible to blind customers. Nevertheless, Walgreens has chosen to employ the inaccessible Freestyle in lieu of traditional soda machines, and refused to provide accessible soda drinks in its drugstores.

42. Freestyle machines are becoming increasingly popular, and an essential part of the experience of going to a restaurant or business establishment that offers it. Indeed, many customers make the choice of patronizing particular business establishments, such as Walgreens Stores, based on whether or not they have Freestyle machines. The vast number of drink choices, and the ability to mix and create a customized drink independently is not obtainable through any other means.

43. Defendant Walgreens thus provide accommodations, advantages, facilities, privileges, and services to customers that contain access barriers. By not removing these barriers to make Freestyle machines accessible to blind customers, Walgreens has denied full and equal access to Plaintiff and similarly situated blind customers, who would otherwise use Freestyle machines and who would otherwise be able to fully and equally enjoy the experience, benefits and services of Freestyle machines at thousands of Walgreen Stores throughout New York State and the United States.

44. Plaintiff DICARLO has patronized several Walgreens Stores within the past twelve months. Plaintiff encountered barriers to access, namely being unable to independently operate the Freestyle's exclusively visual interface to dispense soda.

45. These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of Freestyle machines and Walgreens Stores, and have been frustrating and injurious to Plaintiff's dignity.

46. Walgreens has engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

    a.   implementing and maintaining services that discriminate against members of the putative class and subclasses with knowledge of such discrimination; and/or

    b.   implementing and maintaining services that are sufficiently intuitive and/or obvious as to constitute intentional conduct; and/or

    c.   failing to act in the face of the substantial likelihood of harm to class and subclass members' rights protected under federal and state law.

47. Walgreens utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. § 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

48. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

49. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations

of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

50. Walgreens Stores located in New York State and throughout the United States are places of public accommodation. 42 U.S.C. § 12181(7)(F). Freestyle machines are a service, privilege, facility, accommodation or advantage of these restaurants.

51. Defendant is subject to Title III of the ADA because it owns and operates the Walgreens Stores.

52. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

53. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

54. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

55. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

56. There is readily available accessible technology, such as the technology in use at blind accessible ATMS, which makes use of tactile controls and auxiliary aids, which can be integrated into Freestyle machines to make them independently accessible to blind people. Providing the auxiliary aids and services mandated by the ADA would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

57. The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 et seq., and the regulations promulgated thereunder. Customers of Walgreens Stores who are blind have been denied full and equal access to such restaurants, places of public accommodation, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

58. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

59. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Walgreens Stores in violation of Title III of the Americans with Disabilities

Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

60. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

61. The actions of Defendant was and is in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

62. Plaintiff is also entitled to reasonable attorneys' fees and costs.

**63.** Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 292 *et seq.*)
(on behalf of Plaintiff and New York subclass)

64. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

65. N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

66. Walgreens Stores are places of public accommodation. N.Y. Exec. Law § 292(9). Freestyle machines are a service, privilege, facility, accommodation or advantage of these restaurants. Walgreens Restaurants generate millions of dollars in revenue from the sale of fountain drinks, provided by the Freestyle through hundreds of their stores in New York State.

67. Defendant is subject to New York Human Rights Law because it owns and operates Walgreens Stores. Defendant is a person within the meaning of N.Y. Exec. Law § 292(1).

68. Defendant is violating N.Y. Exec. Law § 296(2)(a) in providing Freestyle machines that are completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

69. Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

70. In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

71. There is readily available accessible technology, such as the technology in use at blind accessible ATMS, which makes use of tactile controls and auxiliary aids, which can be integrated into Freestyle machines to make them independently accessible to blind people. Providing the auxiliary aids and services mandated by the New York State Human Rights Law would neither fundamentally alter the nature of Defendant's business nor result in an undue

burden to Defendant.

72. Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exc. Law § 296(2) in that Defendant is:

 a. implementing and maintaining inaccessible Freestyle machines that discriminate against blind persons with knowledge that of the discrimination; and/or

 b. implementing and maintaining inaccessible Freestyle machines that are sufficiently intuitive and/or obvious as to constitute intentional discriminatory conduct against blind persons; and/or

 c. failing to act in the face of substantial harm to blind persons.

73. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

74. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Walgreens Stores under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the subclass will continue to suffer irreparable harm.

75. The actions of Defendant was and is in violation of New York State Human Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

76. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) *et seq.* for each and every offense.

77. Plaintiff is also entitled to reasonable attorneys' fees and costs.

78. Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION

(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq.*)
(on behalf of Plaintiff and New York subclass)

79. Plaintiff realleges and incorporates by reference the allegations foregoing allegations as if set forth fully herein.

80. N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person , being the owner, lessee, proprietor,  manager, superintendent, agent or employee of any place or provider of public accommodation, because of ... disability ... directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

81. Walgreens Stores are places of public accommodations. N.Y.C. Administrative Code § 8-102(9). Freestyle machines are a service, privilege, facility, accommodation or advantage of these stores.

82. Defendant is subject to City Law because it owns, operates, and/or leases the Walgreens Stores. Defendant is a person within the meaning of N.Y.C. Administrative Code § 8-102(1).

83. Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in providing Freestyle machines that are completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public. Specifically, Defendant is required to "make reasonable accommodation to the needs of persons with disabilities ... any person prohibited by the

provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to ... enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

84.   Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant is:

a.   implementing and maintaining inaccessible Freestyle machines that discriminate against blind persons with knowledge that of the discrimination; and/or

b.   implementing and maintaining inaccessible Freestyle machines that are sufficiently intuitive and/or obvious as to constitute intentional discriminatory conduct against blind persons; and/or

c.   failing to act in the face of substantial harm to blind persons.

85. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

86. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Walgreens Stores under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the subclass will continue to suffer irreparable harm.

87. The actions of Defendant was and is in violation of City law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

88. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

89. Plaintiff is also entitled to reasonable attorneys' fees and costs.

90. Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
(Declaratory Relief)
(on behalf of Plaintiff and the Class)

91. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

92. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, by providing inaccessible Freestyle machines at Walgreens Stores in New York State and throughout the United States, which Walgreens owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.,* and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the blind.

93. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

94. A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of the fifty states as referenced in paragraph 11;

95. A preliminary and permanent injunction requiring Defendant to take the steps necessary to make Freestyle machines provided at Walgreens Stores in New York State and throughout the United States readily accessible to and usable by blind individuals;

96. A declaration that Walgreens is owning, maintaining and/or operating Freestyle machines in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of the fifty states as referenced in paragraph 11;

97. An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

98. Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed subclass for violations of their civil rights under New York State Human Rights Law and City Law;

99. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

100.   For pre and post-judgment interest to the extent permitted by law; and

101.   Such other and further relief as the Court deems just and proper.

DATED: April 15, 2015

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

By: _____
      C.K. Lee, Esq.