UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                  :

DAVID DICARLO, on behalf of themselves and  :
all others similarly situated,
                                  :
                           Plaintiff,  :           15-CV-2919 (JPO)
                                  :
               -v-                 :          OPINION AND ORDER
                                  :

WALGREENS BOOT ALLIANCE, INC.,     :
                        Defendant.  :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

       David DiCarlo ("DiCarlo") filed this action on April 15, 2015, against Walgreens Boot

Alliance, Inc. ("Walgreens"), alleging that Walgreens discriminated against him in violation of

the Americans with Disabilities Act ("ADA") and New York state law.  (Dkt. No. 1.)  An

amended complaint was filed on July 31, 2015.  (Dkt. No. 15.)  DiCarlo, who is legally blind,

alleges that Walgreens, a national chain of retail drugstores, provides soda through "Freestyle"

Coca-Cola machines that are inaccessible to the blind.  On August 24, 2015 Defendants moved

to dismiss under rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. No.

16.)  For the following reasons, the motion is granted.  Today, the Court also reaches the same

conclusion on substantially the same grounds in another case, *West v. Five Guys Enterprises,*

*LLC*, No. 15-CV-2845.

       Dismissal under Rule 12(b)(6) is proper when a complaint lacks "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In deciding a motion to dismiss, "a court

must accept as true all of the [factual] allegations contained in the complaint" and "[d]etermin[e]

whether [it] states a plausible case for relief." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)

(quoting *Iqbal*, 556 U.S. at 678-79); *see Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014) (per curiam).

DiCarlo primarily alleges that Walgreens violated Title III of the ADA.  The parties do not dispute that DiCarlo is disabled within the meaning of the ADA, and that Walgreens is a place of public accommodation within the meaning of Title III, but disagree as to whether Walgreens satisfied the ADA's "auxiliary aids and services" requirement.  *See* 42 U.S.C.§ 12182(b)(2)(A)(iii).  Under that provision, public accommodations must provide "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."  28 C.F.R. § 36.303(c); *see Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

DiCarlo alleges that on February 10, 2015 he purchased a soda at the Walgreens store located at 145 4th Avenue in New York City.  (Dkt. No. 15 ¶ 17.)  DiCarlo is "legally blind and patronized [sic] Walgreens Store with [sic] long white cane, typically used by the visually impaired."  (*Id.* ¶ 19.)  DiCarlo asserts that "Defendant had notice of Plaintiff's disability."  (*Id.*)  DiCarlo then "requested assistance with obtaining soda from the Freestyle machine, however Plaintiff was only directed to the location where the Freestyle was situated inside the store, but were [sic] not given assistance to choose and dispense the soda."  (*Id.*)   In other words, "[t]hey [sic] did not receive assistance in actually using the Freestyle machine to choose and dispense soda from the staff at the Walgreens Store they [sic] patronized."[1]   (*Id.* ¶ 51.)

---

[1] Walgreens also argues that Plaintiff lacks standing because he was not actually denied an auxiliary aid or service, and so was not injured in fact.  *See, e.g.*, *Cortlandt Street Recovery Corp. v. Deutsche Bank AG, London Branch*, 2013 WL 3762882, at *1 (S.D.N.Y. July 18, 2013) (Oetken, J.) (describing the requirements for standing).  The Complaint adequately pleads that DiCarlo was injured when he was denied assistance by an employee at a Walgreens location. Insofar as Walgreens argues DiCarlo was not injured because the ADA does not entitle DiCarlo to relief under these facts, that argument implicates the validity of DiCarlo's cause of action, not the court's subject-matter jurisdiction.  *See Lexmark Intern., Inc. v. Static Control Components,*

DiCarlo argues that the ADA requires installation of technology allowing him to use the machine independently, or alternatively the assistance of a qualified Walgreens employee.  A judge of this district recently considered nearly identical allegations and claims regarding a visit to a different restaurant chain.  *See West v. Moe's Franchisor, LLC*, No. 15cv2846, 2015 WL 8484567 (S.D.N.Y. Dec. 9, 2015).  This Court agrees with Judge Pauley's persuasive opinion in that case.  Although the ADA does not necessarily require Walgreens to use technology that allows DiCarlo to operate the machine independently, Walgreens must effectively communicate with DiCarlo such that he can enjoy the Freestyle machine.  *See id.* at *2-3; *see also Camarillo*, 518 F.3d at 157 ("While restaurants are not necessarily required to have on hand large print menus that [plaintiff] would be able to read, they are required to ensure that their menu options are effectively communicated to individuals who . . . are legally blind."); 28 C.F.R. § 36.303(c)(1)(ii) ("[T]he ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication.").

Walgreens, accordingly, must provide assistance to DiCarlo in operating the Freestyle machine.  DiCarlo alleges that he was denied such assistance on one occasion.  (Dkt. No. 15 ¶¶ 19, 51.)  The ADA, however, does not "regulate individuals' conduct so as to ensure that they will never be rude or insensitive to persons with disabilities."  *Camarillo*, 518 F.3d at 157 (internal quotation marks and citation omitted).  If DiCarlo alleged that he was denied assistance repeatedly at Walgreens locations, he would state an ADA claim.  *Id.* at 154-57.  From one "isolated incident," however, "no reasonable inference can be drawn that [Walgreens] fails to train its employees to provide effective auxiliary aids and services."  *West*, 2015 WL 8484567, at

---

*Inc.*, 134 S. Ct. 1377, 1387 n.4 (2014).  Nor is the case moot because Walgreens has taken steps to ensure that auxiliary aids and services will be offered at the Walgreens location at issue, since the Complaint is aimed at Walgreens generally, rather than one store.

*4; *see Stephens v. Shuttle Assocs., LLC*, 547 F. Supp. 2d 269, 278 (S.D.N.Y. 2008); *cf. Gomez v. Dade Cty. Fed. Credit Union*, 610 F. App'x 859, 864-65 (11th Cir. 2015).  The ADA claim is therefore dismissed.

The complaint asserts three remaining claims, each of which is unsuccessful.  DiCarlo seeks relief under New York's state and city human rights laws.  The parties agree that the New York State Human Rights Law claim rises or falls with the ADA claim.  *See Krist v. Kolombos Rest., Inc.*, 688 F.3d 89, 97 (2d Cir. 2012).  The New York City Human Rights Law "provides somewhat broader rights" than the ADA and requires "independent liberal construction."  *Id.* at 97 (internal quotation marks and citation omitted).  Though there are differences between the statutes, such as the definition of disability, "the Court has not found—and the parties have not identified—any relevant difference between the analysis required by the NYCHRL and the analysis required by the federal laws of the question at issue here."  *Brooklyn Ctr. for Independence of Disabled v. Bloomberg*, 980 F. Supp. 2d 588, 643 (S.D.N.Y. 2013) (Furman, J.).  Accordingly, the state and city law claims are dismissed as well.  Finally, DiCarlo's claim for declaratory relief under the above statutes is dismissed for substantially the same reasons.

The motion to dismiss is GRANTED.  As DiCarlo may be able to plead factual allegations that would survive a motion to dismiss, he is granted leave to amend the complaint within 30 days of the date of his order.  The Clerk of Court is directed to close the motion at docket number 16.

SO ORDERED.

Dated: February 5, 2016
       New York, New York

_____
       J. PAUL OETKEN
       United States District Judge